UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDICAL MANAGER HEALTH
SYSTEMS, INC. and WEBMD CORPORATION,

    Plaintiffs,

v.                              Case No. 8:03-CV-632-T-26TGW

ROBERT W. DAVIDS,

    Defendant.
_____/

**MEDICAL MANAGER HEALTH SYSTEMS, INC. AND WEBMD CORPORATION'S
UNOPPOSED MOTION FOR A SIX-MONTH EXTENSION TO THE TIME LIMITS
IDENTIFIED IN THE CASE MANAGEMENT AND SCHEDULING ORDER,
AND SUPPORTING MEMORANDUM OF LAW**

Medical Manager Health Systems, Inc. and WebMD Corporation respectfully move this Court for a six-month extension to the time limits identified in the Case Management and Scheduling Order (Dkt. No. 36). Robert W. Davids does not oppose the extension requested in this motion.

Additional time for discovery is needed because this is a complex case of financial fraud, the scope of Davids' fraudulent conduct is far greater than originally perceived, and the discovery to date has been constrained, in part, because Davids and several witnesses have asserted their Fifth Amendment right against self-incrimination. In support of this motion, Medical Manager and WebMD state:



1. Davids was employed by Medical Manager to lead its efforts to acquire independent Medical Manager dealers. During his tenure with the company, Davids worked on the acquisition of over 100 independent Medical Manager dealers.

2. In December 2002 and January 2003, Medical Manager and WebMD discovered that Davids and another Medical Manager employee had engaged in fraudulent conduct in connection with the acquisition of a Medical Manager dealer. The discovery of this fraudulent conduct led to the filing of this lawsuit.

3. Since filing the lawsuit on March 11, 2003, Medical Manager and WebMD have diligently sought to discover the full extent of Davids' fraud. This effort has proven difficult, however, because nearly every path taken during discovery has led to another trail involving Davids' fraudulent conduct. Discovery of Davids' bank records has uncovered various dummy corporations and a number of interlocking bank accounts connected to Davids' fraudulent conduct. Depositions and witness interviews have led to previously unidentified individuals with knowledge of Davids' fraudulent conduct.

4. Because Davids broadly asserted his Fifth Amendment right against self-incrimination, Medical Manager and WebMD's knowledge of Davids' fraudulent conduct has come almost exclusively from discovery obtained from non-parties. Medical Manager and WebMD have thus far deposed or interviewed numerous witnesses who have some knowledge of Davids' fraudulent conduct. At least two potential witnesses have indicated that they too will assert the Fifth Amendment to pending discovery requests.

5. Medical Manager and WebMD have served discovery requests on 25 non-parties and have received thousands of pages of financial statements from 10 financial institutions for 38 different accounts. Obtaining financial records, such as microfiche copies of checks and wire

transfer information, has been very time consuming. For example, Davids' financial records were subpoenaed from Merrill Lynch on May 19, 2003. Merrill Lynch produced its latest batch of responsive documents on October 9, 2003. Merrill Lynch still has not fully responded to the subpoena. The new documents produced by Merrill Lynch include several checks from Davids to previously undisclosed payees. Additional discovery is now necessary to determine whether those payments are related to Davids' fraudulent conduct.

6. Medical Manager and WebMD have other discovery requests that are not yet fulfilled. For example, records relating to a large wire transfer from GE Capital to Davids were subpoenaed on July 1, 2003. To date, GE Capital has been unable to locate the backup information regarding this wire transfer.

7. Although discovery has been an arduous and time consuming process, Medical Manager and WebMD have thus far learned that Davids stole millions of dollars by receiving illegal kickbacks in connection with dealership acquisitions.

8. Medical Manager and WebMD need to investigate dozens of acquisitions and other transactions to determine the full extent of Davids' fraudulent scheme. The only way for Medical Manager and WebMD to determine the scope of Davids' fraud is to continue discovery.

9. When this Court entered the Case Management and Scheduling Order, Medical Manager and WebMD were not aware of the scope of Davids' fraudulent conduct or that the necessary discovery would be so difficult to obtain.

10. This request to extend the time limits identified in the Case Management and Scheduling Order is not made lightly. Medical Manager and WebMD believe that the interests of justice and the proper resolution of this case require that full and complete discovery of Davids' fraud be conducted before finalizing this lawsuit. If an extension to the time limits

identified in the Case Management and Scheduling Order is not granted, Davids will be rewarded for engaging in fraudulent conduct and then hindering the discovery of that fraud.

## MEMORANDUM OF LAW

This Court has the authority to manage its docket by altering the time limits identified in the Case Management and Scheduling Order. Granting a sixth-extension to those time limits is consistent with this Court's goal "that a trial will be conducted . . . within two years after the filing of the complaint . . . ." Local Rule 3.05(c)(2)(E), United States District Court, Middle District of Florida.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned counsel for WebMD and Medical Manager certifies that he has conferred with Davids' counsel concerning the relief requested in this motion and that Davids' does not oppose the extension of time that is requested in this motion.

WHEREFORE, Medical Manager and WebMD respectfully request that this Court enter an order granting a six-month extension to the time limits identified in the Case Management and Scheduling Order.

_/s/ Dennis P. Waggoner_
Dennis P. Waggoner
Florida Bar No. 509426
Landis V. Curry III
Florida Bar No. 0469246
HILL, WARD & HENDERSON, P.A.
3700 Bank of America Plaza
101 E. Kennedy Boulevard
P.O. Box 2231
Tampa, FL 33601
(813) 221-3900  Telephone
(813) 221-2900  Telecopier

Attorneys for Medical Manager Health Systems, Inc.
and WebMD Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing has been sent, via hand delivery, to Richard T. Petitt, Esquire of Bricklemyer Smolker & Bolves, P.A., 500 E. Kennedy Boulevard, Suite 200, Tampa, Florida 33602, on this 17th day of October, 2003.

_/s/ Dennis P. Waggoner_
Dennis P. Waggoner

g:\dpw\webmd (medical manager corporation)\davids\pleadings\motion for extension of discovery cut-off date.doc
10/17/03 2:12 PM