UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDICAL MANAGER HEALTH
SYSTEMS, INC. and WEBMD CORPORATION,

    Plaintiffs,

v.                                            Case No. 8:03-CV-632-T-26TGW

ROBERT W. DAVIDS,

    Defendant.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF**
**MEDICAL MANAGER HEALTH SYSTEMS, INC. AND WEBMD CORPORATION'S**
**<u>MOTION FOR SUMMARY JUDGMENT</u>**

    Medical Manager Health Systems, Inc. and WebMD Corporation submit this memorandum of law in support of their Motion for Summary Judgment.

### I. <u>INTRODUCTION</u>

    Medical Manager and WebMD sued Davids for fraud (Count I), conversion (Count II),[1] breach of fiduciary duty (Count III), and the imposition of a constructive trust (Count IV). Since the Complaint was filed on March 11, 2003, Medical Manager and WebMD have discovered that Davids stole more than $6 million from them. The scope of Davids' fraudulent conduct is fully detailed in Medical Manager and WebMD's separately filed Statement of Undisputed Facts. While Davids was engaging in this fraudulent conduct, Medical Manager and WebMD compensated Davids and granted him numerous stock options based upon the mistaken belief that Davids was fulfilling his fiduciary duties as an employee.

---

[1] Count II, which sought the return of Medical Manager's property that was in Davids' possession, has been resolved by the parties.

Count I of the Complaint seeks recovery of the stolen money and other damages caused by Davids. Count III of the Complaint seeks recovery in damages of the employment compensation Davids received from Medical Manager while he was engaged in the fraudulent conduct that violated his common law fiduciary duties to Medical Manager. Count IV seeks recovery in damages of the profits Davids received in connection with the exercise of stock options and sale of Medical Manager and WebMD shares in the public market while Davids was engaged in the fraudulent conduct that violated his common law fiduciary duties to Medical Manager.

The undisputed evidence in this case conclusively establishes that Davids committed fraud against Medical Manager and WebMD by inducing Medical Manager to pay inflated purchase prices to acquire independent dealerships and then inducing the independent dealers to pay Davids kickback payments. Indeed, Davids has admitted his fraudulent conduct by pleading guilty to an Information filed against him by the United States government. (See App. to Statement of Undisputed Fact at Ex. 4.) The undisputed evidence also conclusively establishes that Davids breached his common law fiduciary duties to Medical Manager and WebMD. These duties included a duty of loyalty and a duty to act in the best interests of Medical Manager and WebMD. Medical Manager and WebMD are therefore entitled to summary judgment on Counts I, III, and IV of their Complaint against Davids.

## II. ARGUMENT – MOTION FOR SUMMARY JUDGMENT

This Court should enter summary judgment in favor of Medical Manager and WebMD on Counts I, III, and IV of their Complaint because there is no genuine issue as to any material fact regarding Davids' fraudulent conduct or his breach of his fiduciary duties to Medical Manager and WebMD.

A.   **Summary Judgment Standard.**

Summary judgment is appropriate where there is no genuine issue of material fact. See Fed. R. Civ. P. 56(c). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party bears the initial burden of proving that no genuine issue of material fact exists. See O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). If the moving party meets its burden, the non-movant must then show a genuine dispute regarding any issue for which it will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant." Hairston v. Gainseville Sun Publishing Co., 9 F.3d 913, 919 (11th Cir. 1993).

B.   **There is no genuine issue of material fact regarding Count I.**

It is undisputed that Davids committed fraud against Medical Manager and WebMD. Davids has admitted his fraudulent conduct by pleading guilty to an Information filed by the United States government. (App. at Ex. 4.) Accordingly, summary judgment should be entered in favor of Medical Manager and WebMD on Count I.

To establish fraud, Medical Manager and WebMD must prove: "(1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) the intent by the person making the statement that the representation will induce another to act on it; and (4) reliance on the representation to the injury of the other party." Lance v. Wade, 457 So. 2d 1008, 1011 (Fla. 1984), quoted in Am. Home Assurance Co. v. The Phineas Corp., 347 F. Supp. 2d 1231, 1238 (M.D. Fla. 2004). As is detailed in Medical

Manager and WebMD's Statement of Undisputed Facts, the four elements of fraud are conclusively established by the record evidence in this case. First, Davids made numerous false statements to Medical Manager concerning the price that owners of independent Medical Manager dealers would agree to accept when selling their dealerships to Medical Manager. Second, Davids knew that the price he was recommending to Medical Manager was inflated and that the owners of the independent dealers would have accepted a lower purchase price. Third, as Vice President of Business Development for Medical Manager, Davids made the misrepresentations with the intent to induce Medical Manager to pay inflated prices so that Davids could further his own financial interests. Fourth, Medical Manager justifiably relied on Davids representations concerning the prices necessary to acquire the dealership, paid the inflated purchase prices as suggested by Davids, and as a result suffered damages. (See App. at Exs. 6-28.)

By agreeing to plead guilty to charges brought by the federal government on January 7, 2005, Davids has admitted that he knowingly devised a scheme and artifice to defraud and obtain money from Medical Manager. (App. at Ex. 3.) Specifically, the Information that Davids plead guilty to states that Davids "caused companies acquired by Medical Manager to pay [Davids] and others kick-backs which were funded through increases in the purchase price paid by Medical Manager to the acquired company." (Id. at Information ¶ 7.) Although Davids agrees in his plea agreement that as a result of Davids' fraud Medical Manager suffered a loss of $5,390,311.55, the evidence detailed in Medical Manager and WebMD's Statement of Undisputed Facts establishes that Medical Manager's direct losses due to Davids fraudulent conduct amount to $6,331,135.76. (See App. at Exs. 4, 6-28, 31-32.)

Moreover, Medical Manager and WebMD have discovered Davids' fraudulent conduct through the records and affidavits of third parties. Davids has resisted and delayed discovery on Fifth Amendment privilege grounds. (<u>See, e.g.</u>, App. at Ex. 2.) In considering all of the evidence presented in support of this motion, this Court is entitled to draw an adverse inference against Davids due to his refusal to respond to the evidence offered against him. See <u>Baxter v. Palmigiano</u>, 425 U.S. 308, 317-18 (1976); <u>United States v. A Single Family Residence & Real Prop.</u>, 803 F.2d 625, 629 n.4 (11th Cir. 1986). Because Davids has chosen to assert his Fifth Amendment privilege in response to questions concerning the facts underlying Davids' conduct, this Court should reject any attempt by Davids to now create issues of fact as to liability or damages. See, e.g., <u>Bourgal v. Robco Contracting Enters.</u>, 969 F. Supp. 854, 862 (E.D.N.Y. 1997) (barring defendants, who had obstructed discovery by invoking the Fifth Amendment, from creating issues of fact by submitting affidavits in opposition to the plaintiff's motion for summary judgment); <u>see also</u> In re Edmond, 934 F.2d 1304, 1308-09 (4th Cir. 1991) ("[T]he Fifth Amendment cannot be invoked as a shield to oppose depositions while discarding it for the limited purpose of making statements to support a summary judgment motion.").

Accordingly, Medical Manager and WebMD request that this Court enter summary judgment on Count I in the amount of $6,331,135.76.

**C.     There is no genuine issue of material fact regarding Counts III and IV.**

It is undisputed that Davids breached his common law fiduciary duties and caused damage to Medical Manager and WebMD. Accordingly, summary judgment should be entered in favor of Medical Manager and WebMD on Counts III and IV of the Complaint.

"The elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages." Gracey v. Eaker, 837 So. 2d 348, 353 (Fla. 2002). As an employee and agent of Medical Manager, Davids owed Medical Manager a fiduciary duty of loyalty and care. See Treasure Salvors, Inc. v. Unidentified, Wrecked & Abandoned Sailing Vessel, 556 F. Supp. 1319, 1339 (S.D. Fla. 1983) ("An agent owes a duty of the utmost loyalty to his principal."); Quinn v. Phipps, 113 So. 419, 421 (Fla. 1927) (one undertaking to act for another in matter of trust or confidence may not act for oneself against the other's interest). Indeed, "[i]t seems to be clear that an employee is bound to the exercise of the utmost good faith towards his employer, and cannot, without the latter's consent, retain profits or earnings received in the course of the performance of the employer's business or in an undertaking which constitutes a breach of duty to the employer." Connelly v. Special Road & Bridge Dist. No. 5, 126 So. 794, 797-98 (Fla. 1937).

Davids violated his fiduciary duties by stealing money from Medical Manager through the fraudulent scheme described in the Statement of Undisputed Facts. Beginning no later than November 1997 and continuing through December 2002, Davids stole more than $6 million from Medical Manager by repeatedly lying to Medical Manager regarding the purchase prices for potential acquisitions, convincing Medical Manager that inflated purchase prices were necessary to acquire independent dealers, and inducing independent Medical Manager dealers to pay him a kickback payment. (See App. at Exs. 6-28.) Davids engaged in this conduct while entrusted by Medical Manager with the responsibility for carrying out the company's dealership acquisition program. Medical Manager and WebMD provided compensation and stock options to Davids based on the mistaken belief that Davids was faithfully carrying out his duties.

It is undisputed that Davids' fraudulent activities constitute a breach of his common law fiduciary duties as a matter of law. See Treasure Salvors, 556 F. Supp. at 1339; Connelly, 126 So. at 797-98; Quinn, 113 So. at 421. In Phillips Chemical Co. v. Morgan, 440 So. 2d 1292, 1294 (Fla. 3d DCA 1983), the court held that an "unfaithful employee" who accepted kickbacks was "clearly liable as a matter of well-established law." Id. (citing ITT Cmty. Dev. Corp. v. Barton, 457 F. Supp. 224 (M.D. Fla. 1978)). The employee in Phillips, much like Davids, formed a secret arrangement with a co-conspirator to defraud the employer and split profits. The arrangement allowed the employee to receive kickbacks for secretly directing the employer's sales and purchases to the co-conspirator. The court stated that "the transactions contrived by [the employee] were in blatant disregard of the most elemental fiduciary duties owed an employer not to deal in his business for the agent's own benefit." Id.

This Court has the authority to order the recovery of the compensation paid to Davids during the period he was engaged in conduct that breached his fiduciary duties. Section 469 of the Restatement (Second) of Agency provides:

> An agent is entitled to no compensation for conduct which is disobedient or which is a breach of his duty of loyalty; <u>if such conduct constitutes a willful and deliberate breach of his contract of service, he is not entitled to compensation even for properly performed services for which no compensation is apportioned</u>.

(Emphasis added.) Florida and federal courts have followed the Restatement. In Ross v. Calamia, 13 So. 2d 916 (Fla. 1943), the court stated:

> It appears to be well settled that if an agent who undertakes services for his principal or employer and who before performing the service accepts or agrees to accept money or a thing of value from another whose interest is, in the particular transaction, adverse to that of his principal or employer and without the knowledge or consent of his employer, such agent thereby breaches his duty of loyalty to his employment and, on proper plea and proof, be <u>held to forfeit any and all right of compensation from his principal or employer. This rule rests on the paramount policy of removing the danger of temptation from the pathway of</u>

<u>the agent to forsake the interest of the principal or employer</u>.  In such cases it is immaterial whether or not the principal actually suffers loss.

<u>Id.</u> at 917 (citing Restatement of Agency) (emphasis added); <u>see also</u> <u>Wilshire Oil Co. of Texas v. Riffe</u>, 406 F.2d 1061, 1062 (10th Cir. 1969) (directing that judgment be entered against former employee for all compensation paid to employee during time period that employee breached his fiduciary duty to employer); <u>Flint River Pecan Co. v. Fry</u>, 29 F.2d 457, 459 (5th Cir. 1929) (former employees who engaged in self dealing forfeited right to compensation).

In addition, Davids should not be permitted to retain the profits he received in connection with the exercise of stock options and the sale of Medical Manager and WebMD shares in the public market.  As this Court stated in <u>ITT Cmty. Dev.</u>, 457 F. Supp. at 230, "equity will . . . compel restoration where one, through actual fraud, abuse of confidence reposed and accepted, or through other questionable means, gains something for himself which in equity and good conscience he should not be permitted to hold."  Davids would not have received the stock options or the stock options would have been cancelled if Medical Manager and WebMD had been aware of Davids' fraudulent conduct.  (<u>See</u> App. at Ex. 1 ¶¶ 14-16.)  Moreover, Davids exercised the majority of his stock options immediately after learning that Medical Manager had discovered Sedlacek's illegal conduct, but before Medical Manager and WebMD discovered that Davids was the ringleader of the fraudulent scheme.  (<u>See</u> App at Ex. 1 ¶¶ 7-8; Ex. 38-38.)

There is simply no evidence upon which a fact finder could conclude that Davids did not breach his common law fiduciary duties to Medical Manager and WebMD.  Summary judgment should therefore be entered on Counts III and IV of the Complaint in the amount of $1,750,556.34.  This amount equals the $1,464,298.23 in compensation received by Davids from January 1998 (November 1997 being the earliest date on which Davids' fraud has been discovered) through January 31, 2003 (the date Davids' employment was terminated) and the

$286,258.11 in profits Davids received from the exercise of stock options and sale of Medical Manager and WebMD shares.

### III. CONCLUSION

The facts are undisputed—Davids engaged in a fraudulent course of conduct that violated his common law fiduciary duties to Medical Manager and WebMD. Accordingly, Medical Manager and WebMD are entitled to summary judgment on Counts I, III, and IV of their complaint against Davids.

WHEREFORE, Medical Manager and WebMD respectfully request this Court to enter summary judgment in their favor on Counts I, III, and IV of their complaint.

/s/ Dennis P. Waggoner
Dennis P. Waggoner
Florida Bar No. 509426
Landis V. Curry III
Florida Bar No. 0469246
HILL, WARD & HENDERSON, P.A.
3700 Bank of America Plaza
101 E. Kennedy Boulevard
P.O. Box 2231
Tampa, FL  33601
(813) 221-3900  Telephone
(813) 221-2900  Telecopier

Attorneys for WedMD Corporation and Medical Manager Health Systems, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand delivery this 22nd day of July, 2005 to **Richard T. Petitt**, Bricklemyer, Smolker & Bolves, P.A., 500 E. Kennedy Boulevard, Suite 200, Tampa, FL 33602.

/s/ Dennis P. Waggoner
Attorney
Dennis P. Waggoner

G:\DPW\WebMD (Medical Manager Corporation)\Davids\Pleadings\Memo of Law in Support of Sum Judgment.doc